J. F. SEIBERLING & CO., PLAINTIFF IN ERROR, v. JOHN BRAUER, DEFENDANT IN ERROR.

1. **Verdict.** Upon an examination of the testimony, the verdict of the jury upon questions of fact is sustained, as not being so clearly and manifestly against the weight of the evidence as to require a reversal by the supreme court.

2. **Warranty.** Where a reaper and binder was purchased under a printed warranty to the effect that, if properly managed, it would cut one acre per hour or ten to twelve acres per day in a

workmanlike manner, the purchaser being allowed to cut five acres on trial, and in case anything proved defective due notice should be given to the vendor's agent and time allowed to send a person to put it in order, and that if it did not work, and the fault was in the machine, it would be taken back, or the defective parts replaced, or the money paid for it refunded, it was *Held*, That the instruction of the trial court to the jury, in substance, that if .there was a warranty and a breach thereof as alleged in the answer, the defendant had the right, within a reasonable time, to return the harvester and rescind the contract, was not error, it having been fully proven by both parties that notice was given of the alleged defects, and time allowed to plaintiff to put the machine in order.

ERROR to the district court for Pawnee county. Tried below before BROADY, J.

*S. P. Davidson,* for plaintiff in error, cited: *Gandy v. Pool,* 14 Neb., 101. *Dell v. Oppenheimer,* 9 Id., 457. *Sandwich Mnfg. Co. v. Feary,* 22 Id., 53. *Aultman v. Stout,* 15 Id., 586.

*Humphrey & Lindsay,* for defendant in error, cited: *Osborn v. Rawson,* 10 N. W. Rep., 201. *Warder v. Bowen,* 17 Id., 943. *Bartling v. Behrends,* 20 Neb., 211. *First National Bank v. Erickson,* Id., 585.

REESE, CH. J.

This action was instituted in the district court of Pawnee county, and was upon three promissory notes executed by defendant to plaintiff, representing a part of the purchase price of an Empire reaper and binder manufactured and sold by plaintiff. The notes described in the petition .are, one for $85, due on the first day of January, 1884, one for $85, due on the first day of January, 1885, both dated the 16th day of July, 1883, the other for $37, due on the first day of January, 1885, and dated July 30, 1883.

A defense was made to the two first notes only. The answer alleged the giving of the notes for the machine referred to, the terms of a warranty of the machine by plaintiff and a breach thereof, with the further allegation that the machine was improperly constructed, would not work, and was absolutely worthless.

The allegations of the answer were denied by the reply.

Trial was had to a jury, which returned a verdict in favor of defendant, upon his defense to the two notes referred to. Plaintiff alleges error, and brings the case to this court for review.

The testimony shows that, in connection with the sale and delivery of the machine to defendant, plaintiff's agent delivered to defendant a printed warranty, of which the following is a copy :

" WARRANTY.—All our Empire machines are warranted to cut, if properly managed, one acre per hour or ten to twelve acres per day, in a workmanlike manner. The purchaser is allowed to cut five acres on trial, and in case anything proves defective, due notice must be given to us or our agent, and time allowed to send a person to put it in order. If it does not work after this and the fault is in the machine, it will be taken back, or that part which proves to be defective will be replaced, or the money paid for it refunded. It is also warranted to be well made, of good material, and, when properly used, not liable to get out of order. Continued possession without giving notice as above, will be deemed conclusive evidence that the machine fills the warranty.

" J. F. SEIBERLING.

" (Signed)          J. C. WALTMATH,

" Agent."

The principal contention of plaintiff in error is, that the verdict of the jury is unsupported by, and is against the clear weight of, the testimony. While it is true that

the testimony introduced by defendant in error is somewhat unsatisfactory, and that the preponderance seemed to be in favor of plaintiff in error, yet we are unable to see that the verdict should for that reason be set aside. If the testimony of defendant in error was true, and of that the jury were the sole judges, there is no doubt but that the verdict is correct. It is, in substance, that he and plaintiff's agent set up the machine in the afternoon and commenced cutting around a field of grain; that they had gone three times around, when, by reason of the lateness of the hour and threatened rain, they were compelled to desist; that in that trial the machine was unsatisfactory, but upon the assurance of the agent of plaintiff in error that everything would be made to work correctly, the settlement was made and the notes given; that upon the next trial, after running about half an hour the machine broke down, rivets were broken off, castings were burst, and the cog-gearing having been improperly adjusted began to cut and wear; that the agent was notified of the defects, and a number of efforts were made to cause the machine to work as warranted; that by reason of the solicitation and suggestions of the agent of plaintiff in error, the machine was kept during the harvest and used as best it could be, but that it at no time gave satisfaction; that it was retained until the commencement of the next harvest by consent of the plaintiff in error, but was finally returned; that all reasonable efforts were made to make the machine comply with the warranty, but that they all failed. This is substantially all the testimony introduced by defendant in error, with the exception of that of Mr. Sherman, who testified that he saw the machine in May or June, of the year 1884, standing upon defendant's farm, and that from his examination of it he concluded that it was worthless.

There is no proof as to the total amount of grain cut by the machine; neither is there any testimony introduced

33

by defendant of those who worked with it or saw it work during time he labored with it.

There is proof on the part of plaintiff in error that the machine apparently worked well, and some admissions of defendant are given in evidence by witnesses called for that purpose, but these admissions and statements are denied by him. The whole testimony as shown by the record seems to be somewhat in favor of the theory advanced by plaintiff in error upon the trial, yet we cannot say that the jury, before whom the witnesses were called, have returned a verdict which is so manifestly wrong as to require a reversal of the judgment.

Upon the trial plaintiff asked the court to instruct the jury as follows:

"If you find that the defendant has testified falsely in any material matter in this controversy, you may entirely disregard his testimony as entirely unworthy of belief."

This instruction was refused, and to this refusal plaintiff excepted and now assigns the same for error.

It is insisted upon the part of defendant in error that this instruction could have no application to the case, as his testimony was not such as to require the submission of an instruction especially applicable to him upon this point. Without stopping to inquire as to which of these contentions is the correct one, we are inclined to think, even in the face of a very imperfect transcript, that an instruction even stronger than that asked by plaintiff in error was given to the jury. The latter clause of the third instruction given by the court upon its own motion, is in the following language:

"If the jury find that any witness has knowledge showing fully or any material matter involved in this trial they must entirely disregard the testimony of such witness." It is impossible to make any sense out of the language here used. We will not believe that any court would give it in an instruction. The substance, and no doubt the language,

in that instruction was, that if the jury found that any witness had knowingly sworn falsely on any material matter involved in the trial, they should entirely disregard the testimony of such witness. There is no doubt a palpable error of the clerk in transcribing the instruction, and we are the more certain of this by reason of the many other clerical errors found in the record. The instruction having been given substantially as asked, must be deemed sufficient.

The third contention of plaintiff in his brief is, that the "district court erred in giving the instructions given on his own motion, because the printed guarantee claimed to have been given prescribes the extent of trial to which the purchaser is entitled, and this instruction varies that provision by directing the jury that defendant had a reasonable time within which to return this machine."

To this we must answer, First, that we find nothing in the warranty which requires defendant to return the machine. The language of the paper is, "If it does not work after this, and the fault is in the machine, it will be taken back, or that part which proves to be defective will be replaced or the money paid for it refunded. * * * Continued possession without giving notice as above will be deemed conclusive evidence that the machine fills the warranty." It is not denied but that the machine was retained for about a year, and to that extent there was "continued possession," but it is contended that this was not "without giving notice," as the proof abundantly shows that notice was given to the agents and employes of plaintiff in error, when he sought to repair the machine. There is nothing in the warranty requiring the machine to be returned after the purchaser has cut five acres on trial, in case anything proves defective, simply that notice must be given and time allowed to send a person to put it in order. As we have seen, this notice was given. The instructions referred to are as follows: "2. The burden of

proof is upon the defendant to prove the defense he has' pleaded by a preponderance of the evidence in which to sustain his defense defendant must prove both the warranty and the breach thereof or cause (*sic*) material part of the warranty alleged or breach thereof. If there was a warranty and a breach thereof as alleged in the answer, the defendant had the right within a reasonable time to return the harvester, rescind the notes (*sic*) and obtain back his notes or retain the harvester and set off the (damages) caused by the breach of warranty, if any, against the amount of the notes to the extent of such damages. What is a reasonable time in which the right to return the harvester might be exercised (is) a question of fact for you to determine from the circumstances of the case and the contract of the parties as shown by the evidence.

" 3d. If the warranty offered in evidence by defendant as a warranty was given defendant by plaintiff during the negotiations of defendant for the purchase of the harvester and before the final consummation of the sale, then said warranty was part of the contract of sale, and the obligatory implied on the parties by the writing was obligatory on the parties to the sale. How the facts are as to whether said warranty was part of said contract of sale, are for you to determine under the above statement of law. If you fail to find a warranty, or if you fail to find a breach, if there was a warranty, you must find for the plaintiff for the full amount claimed. But if you find a warranty and a breach thereof, as pleaded in the answer, then you will determine whether the defendant's return of the machine was within reasonable time under the requirement and contract of the parties, and whether surrounding circumstance. If you find that the return was within a reasonable time, that would be a complete defense to the notes given for the harvester, but if the return was not within a reasonable time then he could not set off against the said notes only the damages by reason of the breach, which

would be the difference in the value of the harvester as it. was warranted to be and as it actual(ly) was.   If the jury find that any witness has knowledge showing fully or any material matter involved in this trial, they must entirely disregard the testimony of such witness."

If, after the machine had been thoroughly tried and tested, it had been found defective, and the agents and employes of plaintiff in error had been unable to make it work as warranted, defendant in error would be entitled to a reasonable time in which to return it, if indeed a return upon his part was necessary.   It is quite probable that under the provisions of the warranty quoted, a simple notice that the machine did not comply with the warranty and would not be retained, would be sufficient.

From a careful examination of the case, we think the judgment of the district court should be affirmed, which is done.

JUDGMENT AFFIRMED.

THE other judges concur.